I do not concur in the opinion of the Court. It is not contended by me that a presumption of payment arises, short of a period of twenty years, where there were no circumstances to aid the presumption; but if there were, it was properly left to the jury to presume a payment, although twenty years had not elapsed. It was the province of the court to see that those circumstances were relevant, and of the jury to give them their due weight; and the Court, in this case, can grant a new trial only in case the court or jury erred in discharging their respective duties. That the plaintiff caused an execution to issue; that the execution was returned with an endorsement of satisfaction, and the money paid to the plaintiff; that the plaintiff lived not more than 70 miles from Salisbury, where the execution was returned; that he took no further steps during the life of the sheriff to enforce the payment; that the sheriff died in the year _____, were, certainly, all relevant (265) circumstances. That the plaintiff had knowledge of the return of the execution, or that the return was true, was a fair inference made by the jury; for we can scarcely believe that a man who had prosecuted an action to judgment, and recovered £ 100, and caused an execution to issue and to be delivered to the sheriff at the distance of 200 miles, would, at once, remit his exertions and abandon his claim for fifteen years. So, take it either way, it affords a strong presumption that the sheriff's return was true.
It is further observable that the execution was returned to the court of the district in which the plaintiff continued to reside. It is said that this is permitting the sheriff to create evidence for himself; but it is not the sheriff's act, but the conduct of the defendant, which raises the *Page 205 
presumption. It is like an assertion, made in the presence of a man, of a fact within his knowledge, and affecting his interest, and not contradicted by him.
There are other circumstances in the case, but I deem those already mentioned sufficient. I therefore think it not barely such a verdict as ought not to be disturbed, but such as the law and justice of the case require.
NOTE. — By the act of 1826 (1 Rev. Stat., ch. 65, sec. 13) the presumption of the payment or satisfaction of a judgment shall arise after ten years. See Johnson v. England, 20 N.C. 70.
(266)